IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBURT J. COOPER,
        Plaintiff,

vs.

J. TUGGLE, et al.,
        Defendants.

No. CIV S-06-0666 FCD CMK P

FINDINGS & RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action against defendants Brown, Franz, Clemmens and Wong.[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is defendants Brown, Franz, and Clemmens motion to dismiss for failure to exhaust the prison administrative grievance process. Plaintiff filed an opposition to defendants' motion on February 14, 2007. After carefully reviewing the record, the court recommends that defendants' motion be granted and this complaint be dismissed against all defendants.[2]

///

///

---

[1] Defendant Wong has not yet been served.

[2] Although defendant Wong has not yet been served, the issues raised in this motion apply to her as well.

1

## I.      Background

Plaintiff alleges that defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment.  Specifically, plaintiff alleges that he sustained injuries while working with the dish washing detergent in the Folsom State Prison (FSP) main kitchen, and defendants knew of, but did nothing to prevent the harm.

Plaintiff did not file an administrative grievance.  However, plaintiff claims that inmate Kevin Black filed a similar appeal and used the words "we" and "us" to describe inmates working in the FSP main kitchen.  Plaintiff attached and incorporated Black's grievances to his complaint.

Black filed two grievances regarding working conditions in the FSP main kitchen.  In one of the grievances, he lists six other inmates.  Plaintiff is not one of the six inmates listed, nor is plaintiff listed in any portion of Black's appeals.  In Black's other grievance, he attached questionnaires regarding the working conditions in FSP main kitchen that was filled out by and signed by six other inmates.  Plaintiff was not among the inmates who answered the questionnaire, nor was his name listed in any portion of the appeal.

## II.     Discussion

Defendants contend that plaintiff's action should be dismissed for failure to satisfy the exhaustion requirement.  In the Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001); see also, Woodford v. Ngo, __U.S.___, 126 S.Ct. 2378 (2006).  The United States Supreme Court has cautioned that it "will not read futility or other exceptions into statutory exhaustion requirements

where Congress has provided otherwise." Booth at 741 n.6.  The Court has also ruled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In California, the state regulations that govern grievance procedures in state jails and prisons provide that inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  An administrative appeal may progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  To comply with the PLRA exhaustion requirement, a state prisoner in California must file an inmate appeal on each claim concerning prison conditions or events and must proceed to the highest level of administrative review available to him before he seeks judicial relief, regardless of the relief desired by the prisoner.[3]  A court is required to dismiss, without prejudice, an action involving prison conditions where the prisoner failed to exhaust administrative remedies prior to filing suit, even if he was in the process of doing so when the suit was filed. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Ninth Circuit has held that the PLRA exhaustion requirement is not jurisdictional. Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir. Jan. 2, 2003) (citing Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999)), petition for cert. filed, (U.S.

---

[3] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the correctional facility's administrative grievance process does not allow for such an award."

1  Apr. 1, 2003) (No. 02-1486).  The Ninth Circuit and six other circuit courts have ruled that the
2  exhaustion requirement does not impose a pleading requirement on the prisoner but creates a
3  defense that must be raised and proved by the defendants.  See Wyatt, 315 F.3d at 1117-19
4  (citing cases of the Second, Third, Seventh, Eighth, and D.C. Circuits); see also Casanova v.
5  Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002).  But see Brown v. Toombs, 139 F.3d 1102, 1104
6  (6th Cir. 1998) (per curiam) (requiring a prisoner to plead exhaustion and provide a copy, if
7  available, of the administrative decision disposing of the prisoner's claims); Knuckles El v.
8  Toombs, 215 F.3d 640, 642 (6th Cir. 2000).
9         Here, defendants have shown that plaintiff failed to comply with the procedural
10 guidelines in exhausting his administrative remedies prior to filing a lawsuit. (Mot Dismiss, Ex.
11 A; Pl's. Compl., Exs. B & E.)  Plaintiff did not file an individual grievance regarding his alleged
12 injury in FSP's main kitchen, nor did he attach his name, identification number, or signature to
13 the group appeal filed by inmate Black.[4]  In his opposition to defendants' motion to dismiss,
14 plaintiff argues that prison officials should have had notice of his grievance because of the group
15 grievance filed by inmate Black. However, plaintiff has not demonstrated that prison officials
16 had any knowledge that he was included in the affected group.  Because plaintiff failed to
17 comply with the prison system's grievance procedure, he did not notify prison officials of his
18 grievance, much less give prison officials a fair opportunity to consider his grievance.  Ngo,
19 ___U.S.___, 126 S.Ct. At 2385-2388 (stating that the benefits of exhaustion under the PLRA can
20 only be realized if prison officials have a fair opportunity to consider grievances).  Accordingly,
21 the court finds that plaintiff's complaint should be dismissed without prejudice against all
22 defendants for failure to exhaust his administrative remedies.
23 ///
24

---

25
26 The court does not imply that inclusion on a group appeal would necessarily satisfy the PLRA's exhaustion requirement.  That issue is not raised here, and is a decision for another day.

The court notes that defendant Wong has not yet been served. However, as plaintiff's failure to exhaust his administrative remedies would bar the suit against defendant Wong as well, the court finds that dismissal of this action against all defendants is appropriate.

**IV.   Conclusion**

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss be granted.

2. This action be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies prior to filing suit in federal court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 20, 2007.

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE